# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    v.                                                               Case No. 06-CR-178

**MARK REPP**
      **Defendant.**

## SENTENCING MEMORANDUM

Defendant Mark Repp pleaded guilty to copyright infringement arising out of his involvement with "Elite Torrents," a peer-to-peer computer file sharing program that allowed members to download copyrighted material. Defendant was an active member for a little over a year, uploading movies, software programs and computer games, as well as "moderating" the chatter between other users.

The probation office prepared a pre-sentence report ("PSR"), setting defendant's offense level at 12 (base level 8, U.S.S.G. § 2B5.3(a); plus 4 based on loss amount, §§ 2B5.3(b)(1), 2B1.1(b)(1)(C); plus 2 based on the uploading of infringing items, § 2B5.3(b)(3); and minus 2 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an advisory sentencing guideline range of 10-16 months. Neither side objected to the PSR or sought a departure pursuant to the Sentencing Commission's policy statements. Defendant requested a non-guideline sentence of probation under 18 U.S.C. § 3553(a), while the government advocated a sentence at the low end, "split" into half prison and half community confinement as allowed by U.S.S.G. § 5C1.1(d). In this memorandum, I set forth the reasons for the sentence imposed.

## I. SENTENCING FACTORS

In imposing sentence, I consider the factors set forth in 18 U.S.C. § 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). My task, after considering those factors, is to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2).

## II. DISCUSSION

**A.  Nature of Offense**

As noted, defendant participated in operating a file sharing program that allowed members to download for free copyrighted material such as movies, games and software,

often shortly after such items were released for sale. Defendant personally uploaded fifty-three movies, six software programs and ten computer games, which were then downloaded thousands of times by others. His involvement occurred from February 2004 to May 2005, and the parties estimated a loss figure of $10,000-30,000.

While the offense did not involve violence or controlled substances, it was nonetheless serious. According to the victim impact statement I received from the Entertainment Software Association ("ESA"), such on-line piracy is a growing problem, one which has an effect on the companies whose property is stolen. The type of program defendant assisted in running allows the improper dispersal of such materials to a wide audience. The crime may not have seemed serious to defendant at the time, but it is one which causes real harm to copyright holders, as defendant came to realize.

**B.     Character of Defendant**

Defendant was just twenty years old and had no prior contacts with the criminal justice system. He graduated high school and had a steady employment record, working for Unilever Foods as a quality control worker since 2004 and at a gas station for three years before that. He possessed estimable computer skills, which obviously could be put to better use than they were in this case. Defendant was unmarried, had no children and lived with his parents. His parents remained supportive and appeared in court with him.

Defendant suffered no physical health problems but received treatment for an anxiety disorder, which was aggravated by the stress of his indictment and prosecution. He had no history of any form of substance abuse.

3

## C. Purposes of Sentencing

Given the non-violent nature of the offense, defendant's lack of any prior record and his young age, I saw no need for confinement in prison to protect the public or deter defendant from re-offending. Defendant seemed genuinely remorseful, and this process had a profound impact on him. I concluded that a period of home confinement as a substitute for imprisonment would sufficiently punish defendant, promote respect for law and deter others. I also imposed a substantial fine to ensure that the needs for punishment and deterrence were fully met. I further imposed strict conditions of supervision to ensure that defendant did not re-offend. Defendant had no correctional treatment needs, aside from mental health treatment, which need was most effectively met in the community.[1]

## D. Consideration of Guidelines

As noted, the guidelines called for a term of 10-16 months, which fell within Zone C of the grid, allowing a split sentence of half prison and half community confinement. U.S.S.G. § 5C1.1(d). Under all of the circumstances, I found that a sentence partially in conformity with that recommendation was sufficient but not greater than necessary. I concluded that some form of confinement was necessary to promote respect for law and deter others. However, given defendant's lack of any record, young and impressionable age, and solid work and family life, I did not see a need for the prison component.

The government made a strong argument that confinement in prison, as recommended by the guidelines, was necessary in order to deter others. I agreed that this

---

[1] The parties agreed that restitution was not appropriate in this case under 18 U.S.C. §§ 3663(a)(1)(B)(ii) & 3663A(c)(3)(B).

4

was the type of crime to which general deterrence may apply. However, given the nature of the population sought to be deterred – mainly young computer users, typically with no previous involvement in the criminal justice system – the specter of federal prosecution and the consequences that flowed therefrom in the present case – a federal felony conviction, electronic monitoring, a stiff fine and years of supervision on stringent conditions – would be sufficient to create a real deterrent. I concluded that any incremental deterrent effect that might be realized at the margins by sending defendant to prison was outweighed by defendant's individual circumstances.[2]

Defendant was barely eighteen years old when he started committing this crime, hardly an adult, and lived what appeared to be a relatively sheltered life. He also suffered from severe anxiety, and I concluded that the stress of a confined situation may well be more than he could safely bear. With no need to protect the public, community

---

[2] Post-Booker, judges have debated the extent to which sentencing may involve policy considerations (often in the context of crack cocaine cases). Compare United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006) (requiring that "judicial discretion over sentencing decisions be based on case-specific circumstances, not on general, across-the-board policy considerations"), with United States v. Spears, Nos. 05-4468/06-1354, 2006 U.S. App. LEXIS 29741, at *39 (8th Cir. Dec. 5, 2006) (Bye, J., dissenting) ("I do not believe all broad, categorical, legislative policy decisions are already taken into account in the calculation of the advisory guideline range, such that when it comes time for a district court to consider the § 3553(a) factors, the only factor left for consideration in departing from the advisory guideline range is the individual circumstances of a given case."). Cf. United States v. Gunter, 462 F.3d 237, 249 (3d Cir. 2006) (holding that while district courts may not reject the 100:1 ratio, they may "consider the crack/powder cocaine differential in the Guidelines as a factor, but not a mandate, in the post-Booker sentencing process").

The present case provides an example of how sentencing courts must, under § 3553(a)(2)(B), consider the effects of the sentence on others beyond the individual defendant. Evaluation of the need for general deterrence involves what is, in effect, a policy consideration, i.e. what sort of sentence will be sufficient to deter others who may be tempted to engage in similar criminal conduct. The guidelines provide one measure of sufficiency, but it is ultimately up to the court to fashion an appropriate sentence given all of the factors in § 3553(a).

5

confinement was the better choice. See 18 U.S.C. § 3553(a)(3).

The government noted that a defendant recently sentenced in Virginia based on similar infringing conduct received a split sentence, as it recommended in the present case. Avoidance of disparity is a goal of sentencing. 18 U.S.C. § 3553(a)(6). However, I knew nothing about the personal characteristics of the Virginia defendant, such that I could make a meaningful comparison. In any event, the sentence I imposed varied just slightly from the guidelines (the equivalent of 2 levels), and because it was supported by the specific facts of the case it did not create unwarranted disparity.

In sum, after carefully considering the arguments of counsel, I concluded that while defendant made a serious mistake in judgment, it was not one which required him to go to prison. As indicated, he seemed genuinely remorseful and extremely anxious about his situation. I had no doubt that he would not be back before a judge in the future. I nevertheless imposed conditions of supervision designed to ensure that he would not commit further offenses with a computer.

## III. CONCLUSION

Therefore, I placed defendant on probation for a period of three years, with a condition that he serve six months of home confinement on electronic monitoring. In imposing this sentence, I also considered the recommendation of the probation office that defendant be placed on probation and not sent to prison, a fairly unusual recommendation in my post-Booker experience. While I always make my own decision on these matters, the input of an experienced probation officer is helpful in evaluating a defendant.

I also imposed a fine of $3600, toward the low end of the guideline range, payable at a rate of not less than $100 per month, and required defendant to complete twenty-five

6

hours of community service work per year while on supervision. Finally, I required defendant to participate in mental health treatment, notify the supervising probation officer of any computer use or possession, provide the probation officer with any passwords or log-ons associated with such usage, possess no data encryption or data erasure technique or program, and provide access to all personal/business phone records.

Other conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge